Michael **BICKLEY**, Petitioner–Appellant,

v.

Stephen H. **MARSCKE**, et al., Respondents–Appellees.

No. 01–1835.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

_____

*ORDER*

Michael Bickley appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bickley filed the instant federal habeas corpus petition alleging that he was denied due process, a liberty interest, and equal protection in his state parole proceedings. After the state filed its answer, the district court dismissed the petition as meritless, and Bickley filed a timely notice of appeal. The district court granted Bickley a certificate of appealability only with respect to his claim that he was denied equal protection because, under a newly enacted Michigan statute, he is not entitled to appeal the parole decision, while an aggrieved crime victim or a state prosecutor is permitted to appeal a grant of parole under state law. *Bickley v. Mich. Dep't of Corr.*, No. 00–72479, 2001 WL 902495 (E.D.Mich. July 10, 2001). This court denied Bickley a certificate of appealability with respect to his remaining claims.

On appeal, Bickley reiterates his claim that the Michigan parole scheme violates the Equal Protection Clause because it affords prosecutors and crime victims the right to appeal an adverse parole decision, but does not afford an aggrieved prisoner the same right. The state responds that: (1) Bickley has not exhausted state remedies regarding his claim; (2) equal protection is not implicated because prisoners are not similarly situated with prosecutors and victims; and (3) a rational basis exists for the scheme in any event. Upon consideration, we will affirm the judgment for reasons other than those stated by the district court. *See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985).

This court need not reach the merits of petitioner's equal protection claim because the new Michigan statute at issue did not affect petitioner's right to appeal his adverse parole decision. The record reflects that Bickley currently is serving consecutive terms of imprisonment of fifteen to thirty years and two years for his 1984

convictions for assault with intent to murder and felony firearm. On December 13, 1999, the Michigan Parole Board denied Bickley parole in a decision mailed December 20, 1999. At that time, petitioner had the right to appeal the decision within 28 days of the mailing date. *Cf.* MCR 7.104(D). Petitioner sought reconsideration of the parole decision by letter dated December 27, 1999, and reconsideration was denied on January 20, 2000. Although Michigan law was amended to eliminate a prisoner's right to appeal a decision of the Michigan Parole Board to deny parole pursuant to Mich. Comp. Laws § 791.234, that amendment did not take effect until March 10, 2000. *See Matson v. Mich. Parole Bd.,* 175 F.Supp.2d. 925, 929 (E.D.Mich.2001). In fact, the record reflects that petitioner made efforts to seek judicial review of the parole board's decision. The record does not reflect that judicial review was denied because petitioner no longer had the right to appeal the parole board's decision under the new statute. Under these circumstances, petitioner was not denied equal protection because he was not adversely affected by the new statute. Therefore, this court need not address the issue of whether the statute violates equal protection. Accordingly, the district court's judgment will be affirmed on this basis. Nonetheless, it is noted that, after the judgment on appeal herein was entered the Michigan district court in *Matson* concluded that Michigan prisoners may be able to seek state judicial review of an adverse parole decision under Michigan's Revised Judicature Act. *See* 175 F.Supp. at 929–30.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.